*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 24-BG-0438

IN RE RACHELLE S. YOUNG, RESPONDENT.

A Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 997809)

On Report and Recommendation of the Board on Professional
Responsibility Ad Hoc Hearing Committee
Approving Petition for Negotiated Discipline
(BDN: 23-ND-005; DDNs: 2021-D020, 2021-D021, 2022-D208)

(Decided: June 13, 2024)

Before BECKWITH and DEAHL, *Associate Judges*, and RUIZ, *Senior Judge.*

PER CURIAM: This decision is non-precedential. Please refer to D.C. Bar R. XI, § 12.1(d) regarding the appropriate citation of this opinion.

In this disciplinary matter, the Hearing Committee recommends approval of a petition for negotiated attorney discipline. *See* D.C. Bar R. XI, § 12.1(c). Respondent Rachelle S. Young voluntarily acknowledged that in three client matters she failed to represent the client diligently and zealously, failed to keep the client informed of the status of the matter and comply with reasonable requests for

information, and failed to explain the matter to the client to the extent reasonably necessary to permit the client to make informed decisions regarding the representation; in two of three matters, she failed to protect the client's interests as the representation was ending; and the third matter involved misconduct that occurred in connection with a proceeding before a Maryland tribunal. As a result, respondent admits that she violated D.C. R. Pro. Conduct 1.3(a), 1.4(a)-(b), and 1.16(d), and Md. R. 19-301.3, 19-301.4(a)(2)-(3), and 19-301.4(b). The proposed discipline consists of a thirty-day suspension stayed in favor of one year of probation with conditions.

Having reviewed the Committee's recommendation in accordance with our procedures in uncontested disciplinary cases, *see* D.C. Bar R. XI, § 12.1(d), we agree that this case is appropriate for negotiated discipline and that "the agreed-upon sanction is 'justified,'" *In re Mensah*, 262 A.3d 1100, 1104 (D.C. 2021) (per curiam) (quoting D.C. Bar R. XI, § 12.1(c)(3)), in light of reasonably analogous precedents. *See, e.g.*, *In re Chapman*, 962 A.2d 922 (D.C. 2008) (per curiam); *In re Mance*, 869 A.2d 339 (D.C. 2005) (per curiam); *In re Ontell*, 593 A.2d 1038 (D.C. 1991); *see also In re Tun*, 286 A.3d 538, 543 (D.C. 2022) (explaining that even when "evaluating misconduct under the rules of another jurisdiction, we make sanctions determinations pursuant to District of Columbia law"). Accordingly, it is

ORDERED that respondent Rachelle S. Young is hereby suspended from the practice of law in the District of Columbia for thirty days, stayed in its entirety, and placed on one year of probation with the following conditions:

(i)     Respondent must take the two-day "Basic Training and Beyond" course offered by the District of Columbia Bar and must take an additional three hours of pre-approved continuing legal education courses that are related to attorney ethics. Within six months of the date of this opinion, respondent must certify and provide documenting proof to the Office of the Disciplinary Counsel that she has met these two requirements.

(ii)    During the period of probation, respondent shall not be the subject of a disciplinary complaint that results in a finding that she violated the disciplinary rules of any jurisdiction in which she is admitted or licensed to practice.

(iii)   Within thirty days of the date of this opinion, respondent must meet with Dan Mills, Esquire, the Manager of the Practice Management Advisory Service ("PMAS") of the District of Columbia Bar (or his successor or designee) in person or virtually. At that meeting, respondent must execute a waiver allowing PMAS to communicate directly with the Office of Disciplinary Counsel regarding her compliance. When respondent meets with PMAS virtually or in person

she will make any and all records relating to her practice available for its review. Respondent shall ask PMAS to conduct a full assessment of her structure and her practice, including but not limited to all law firm processes and procedures, financial records, client files, engagement letters, supervision and training of staff, and responsiveness to clients. Respondent shall adopt all recommendations and implement them in the law firm and her general practice of law. During her probation, respondent shall consult regularly with PMAS on the schedule it establishes. Respondent must be in full compliance with PMAS's requirements for a period of twelve consecutive months, and it is respondent's sole responsibility to demonstrate compliance. Respondent must sign an acknowledgement under penalty of perjury affirming that she is in compliance with PMAS's requirements and file the signed acknowledgement with the Office of Disciplinary Counsel. This must be accomplished no later than seven business days after the end of her period of probation.

(v)     If the Office of Disciplinary Counsel has probable cause to believe that respondent has violated the terms of her probation, it may seek to revoke her probation pursuant to D.C. Bar R. XI, § 3 and Bd. Pro. Resp.

R. 18.3 and request that she be required to serve the thirty-day suspension.

By agreement of the parties, this sanction will not take effect, i.e. respondent's probation will not begin, until thirty days after the date of this opinion.

*So ordered.*